IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03003-RBJ

BRUCE EDWARD PETERSON,

    Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER TO DISMISS IN PART AND FOR
ANSWER IN PART AND STATE COURT RECORD

---

I. Background

    Applicant, Bruce Edward Peterson, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Peterson is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Peterson is challenging the validity of his conviction and sentence in Denver County District Court Case No. 07CR7062.

    On January 4, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On January 24, 2012, Respondents filed a Pre-Answer Response. Mr. Peterson did not file a Reply.

The Court must construe the Application liberally because Mr. Peterson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part as procedurally barred and direct Respondents to file an Answer in part.

Mr. Peterson was convicted by a trial jury of enticement of a child, attempted sexual assault on a child, and indecent exposure. Pre-Answer Resp., Doc. No. 15-2, Appx. B at 8. Mr. Peterson filed both a direct appeal and a Colo. Crim. P. 35(c) postconviction motion. In the same order, the Colorado Court of Appeals (CCA) affirmed the conviction in the direct appeal and denied the Rule 35(c) motion on August 26, 2010. Pre-Answer Resp., Doc. No. 15-4, Appx. D. Mr. Peterson petitioned for writ of certiorari; but the Colorado Supreme Court (CSC) denied the petition on November 15, 2010. *Id.*, Doc. No. 15-6, Appx. F. Mr. Peterson's conviction and sentence, therefore, were final on February 13, 2011, when the time for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). The Court finds, and Respondents agree, that this action is timely filed pursuant to 28 U.S.C. § 2244(d).

Mr. Peterson asserts three claims, including (1) judicial misconduct by the trial court; (2) an unreasonable verdict not supported by the evidence; and (3) ineffective assistance of counsel.

II. Analysis

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents assert that Mr. Peterson failed to exhaust both the judicial misconduct claim and the unreasonable and unsupported verdict claim, because he failed to raise these claims in his opening brief on appeal.

In the Application, Mr. Peterson states he filed a postconviction motion on August 20, 2008, but he did not receive a response to the motion from the court and, therefore, was not able to appeal. Application at 4. He also claims that he filed a direct appeal, *pro se*, in which the CSC

denied his petition for writ of certiorari review; but he further claims that he did not receive a response from the court in his direct appeal. Application at 3. Mr. Peterson's arguments regarding the exhaustion of his state court remedies are contradictory and confounding.

A review of the state court docket and attached appendixes filed by Respondents indicates the following. Although a copy of Mr. Peterson's Rule 35(c) postconviction motion is not provided by Mr. Peterson or Respondents, the claims Mr. Peterson asserted in his opening brief on appeal are set forth in Appendix G. The issues on appeal include (1) error by the trial court in admitting hearsay statements; (2) unduly suggestive out of court identification procedures; (3) failure to appoint conflict-free counsel; and (4) trial court error in summarily denying Mr. Peterson's motion for postconviction relief.

Neither the judicial misconduct claim nor the unreasonable and unsupported verdict claim were addressed in Mr. Peterson's opening brief. These claims, therefore, have not been fairly presented to the state court in one complete round of the state's established appellate review process. *See O'Sullivan*, 526 U.S. at 843-45.

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions

are not applicable to the judicial misconduct and the unreasonable and unsupported jury verdict claims. *Id.* Thus, these claims are subject to an anticipatory procedural bar. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). If it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

A procedural default may be excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice. *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Peterson's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Peterson must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Mr. Peterson fails to assert that state officials interfered or the factual or legal basis for his claims was not reasonably available to him.

Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson*, 143 F.3d at 1319. Mr. Peterson, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have

"presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89. Mr. Peterson fails to assert that a factor external to the defense impeded his counsel's ability to comply with the state's procedural rule.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Mr. Peterson first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id*. Mr. Peterson then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Although Mr. Peterson generally claims he is innocent, he fails to present any new reliable evidence that demonstrates he is actually innocent. As a result, Claims One and Two are barred in a federal habeas action.

In Claim Three, Mr. Peterson relies on the claims he asserted in his postconviction motion; but neither Respondents nor Mr. Peterson provide a copy of the motion. The Court, therefore, will refrain from determining the exhaustion of any claims raised in the postconviction motion until the state court record is made available to the Court. It is clear, however, that Mr. Peterson did at least raise an ineffective assistance of counsel claim in his postconviction motion regarding a conflict of interest and a failure to discover exculpatory evidence by trial counsel. Pre-Answer Resp., Appx. D at 10-13.

Respondents also will be directed, in light of *Martinez v. Ryan*, --- S. Ct. ---, 2012 WL 912950 (Mar. 20, 2012), to address Mr. Peterson's right to effective counsel in his initial-review collateral proceedings where issues of ineffective assistance of trial counsel claims are raised.

III. Conclusion

Based on the above findings, the Court will dismiss Claims One and Two as procedurally barred and instruct Respondents to address Mr. Peterson's ineffective assistance of trial counsel claims in keeping with the U.S. Supreme Court's recent decision in *Martinez*. Accordingly, it is

ORDERED that Claims One and Two are dismissed with prejudice as procedurally barred from federal habeas review. It is

FURTHER ORDERED that within thirty days Respondents are directed to file an Answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the ineffective trial counsel claims as stated above. It is

FURTHER ORDERED that within thirty days of the filing of the Answer Mr. Peterson may file a Reply, if he desires. It is

FURTHER ORDERED that within thirty days from the date of this Order the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Mr. Peterson's state court proceedings in Case No. 07CR7062, including all documents in the state court file and transcripts of all proceedings conducted in the state court, but excluding any physical evidence (as opposed to documentary evidence) not relevant to the asserted claims. It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

    (1)    Clerk of the Court
            Denver County District Court
            1437 Bannock Street
            Denver, Colorado 80202; and

    (2)    Court Services Manager
            State Court Administrator's Office
            101 W. Colfax, Ste. 500
            Denver, Colorado 80202.

DATED this 5th day of April, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge