**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-03003-RBJ

BRUCE EDWARD PETERSON,

      Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS**

**R. Brooke Jackson, District Judge.**

The matter before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court has determined it can resolve the Application without a hearing. *See* 28 U.S.C. § 2254(e)(2); Fed. R. Governing Section 2254 Cases 8(a).

## I. BACKGROUND

Applicant was convicted by a trial jury of enticement of a child, attempted sexual assault on a child, and indecent exposure. Pre-Answer Resp., ECF No. 15-2 (Appx. B) at 8-9. On direct appeal of Applicant's conviction, the Colorado Court of Appeals (CCA) summarized the underlying facts and proceedings as follows:

> A twelve year-old boy alleged that, while he was waiting for a bus, defendant exposed himself, grabbed the boy by the thigh, and asked him to come to defendant's house.

>       Soon after the incident, the boy phoned the police and his stepmother
> about the incident and described defendant in detail, including defendant's
> physical appearance, clothes, and demeanor.  The police apprehended defendant
> based upon the boy's description, and an officer drove the boy to the location
> where another officer was holding defendant.  Upon arrival, the boy said, "that's
> him," and that he was "a hundred percent certain" that defendant was the man
> who assaulted him.
>
>       Defendant sought to suppress the victim's statements to police and his
> stepmother, arguing that the statements were hearsay and unreliable.  The trial
> court overruled defendant's objections and allowed the statements pursuant to
> section 13-25-129, C.R.S. 2009.  Defendant further sought to suppress the
> identification as unduly suggestive, which the trial court denied.
>
>       After he was convicted, defendant moved for the appointment of new
> counsel and postconviction relief based upon ineffective assistance of counsel
> pursuant to Crim. P. 35(c).  Defendant alleged that his attorney engaged in
> unethical behavior and failed to call witnesses and present evidence that would
> have exonerated him.  The trial court denied defendant's motions without an
> evidentiary hearing.

*People v. Peterson*, No. 08CA2103, 1-2 (Colo. App. Aug. 26, 2010) (unpublished).

Applicant was sentenced on August 22, 2008, to two indeterminate terms, one term is ten years to life, the other term is three years to life running consecutive to the ten year to life sentence.  Applicant also was sentenced to a one-year jail term for indecent exposure to run concurrently with the two indeterminate terms.  Pre-Answer Resp., ECF No. 15-2, App. B, at 7. Applicant filed both a direct appeal and a Colo. R. Crim. P. 35(c) postconviction motion.  In the same order, entered on August 26, 2010, the CCA affirmed the conviction in the direct appeal and denied the Rule 35(c) motion.  *Id.*, ECF No. 15-4, App. D.  Applicant petitioned for writ of certiorari; but the Colorado Supreme Court (CSC) denied the petition on November 15, 2010. *Id.*, ECF No. 15-6, Appx. F.  Applicant's conviction and sentence, therefore, were final on February 13, 2011, when the time for seeking review in the United States Supreme Court

expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

## II.  HABEAS CLAIMS

Applicant, acting *pro se*, filed this Application on November 17, 2011.  He asserted three claims in the Application, including:  (1) judicial misconduct by the trial court; (2) an unreasonable verdict not supported by the evidence; and (3) ineffective assistance of counsel.

On January 4, 2012, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses.  Respondents filed a Pre-Answer Response on January 24, 2012.  Applicant did not file a Reply.  Respondents conceded in the Pre-Answer Response that the Application is timely, but they argued that Applicant did not exhaust his claims

This Court reviewed the Application and Pre-Answer Response and determined that Claims One and Two are procedurally barred.  As for Claim Three, the Court refrained from determining if it is exhausted because neither Respondents nor Applicant provided a copy of the Colo. R. Crim. P. 35(c) postconviction motion, which included Applicant's ineffective assistance of counsel claims.  Pursuant to the Court's order dismissing Claims One and Two and instructing Respondents to file an answer with respect to Claim Three, Respondents  filed an Answer on May 4, 2012.  Applicant complained that he did not receive a copy of the Answer, which subsequent to his complaint was resent to him by Respondents on May 30, 2012, and Applicant was given until July 5, 2012, to respond to the Answer.  Although Applicant was given sufficient time to reply to Respondents' Answer, rather than replying,  he elected to file two motions for

summary judgment that do not address Respondents' Answer or the issues raised in his Application. Nonetheless, the Court now has a copy of Applicant's Rule 35(c) postconviction motion. A review of the motion indicates that Applicant asserted the following ineffective assistance of counsel claims in his postconviction motion:

1) Unethical misconduct;

2) Lack of due diligence, perfunctory defense;

3) Failure to prepare, incompetent, and ignorant of the law;

4) Defense was formulated on day of trial;

5) Failure to investigate alibi;

6) Failure to have Mr. Rivera testify and call witnesses;

7) Failure to consult with Applicant about strategy and share discovery papers;

8) Failure to object to slanderous closing remarks by district attorney;

9) Conflict of interest; and

10) No objection to possible double jeopardy violation

*See Resp.*, ECF No. 20-1 at 7-11.

In his opening brief on appeal he asserted as follows:

"In a Crim. P. 35(c) proceeding, the legality of the judgment and the regularity of the proceedings leading up to the judgment are presumed. The burden is on the movant to establish by a preponderance of the evidence the allegations of the motion for postconviction relief." *People v. Hendricks*, 972 P.2d 1041 (Colo. App. 1998). Postconviction relief may be sought pursuant to C.R.Cr. P. 35(c). There is a preference for trial courts to address the merits of a postconviction motion. *White v. District Court*, 766 P.2d 632, 635 (Colo. 1988). Nevertheless, "a court need not entertain a defendant's motion for postconviction relief when that motion is based upon the same or similar allegations that have been fully litigated in an earlier appeal or Crim. P. 35(c) motion." *People v. Russell*, 36 P.3d 92 (Colo. App. 2001) *citing* C.R.Cr.P. 35(c)(3).

A motion for postconviction relief must allege ultimate facts with particularity. *Melton v. People*, 157 Colo. 169, 401 P.2d 605 (1965), *cert. denied* 382 U.S. 1014, 86 S. Ct. 624, 15 L. Ed. 2d 528 (1966). Thus, "a defendant need not set forth the evidentiary support for his allegations in his Crim P. 35 motion; instead, a defendant need only assert facts, that if true would provide a basis for relief." *People v. Brack*, 796 P.2d 49, 50 (Colo. App. 1990). In fact, even though defendant's factual allegations seem unbelievable or improbable is not the test set forth in C.R. Cr. P. 35(c) in order to determine whether a hearing should be granted; *instead, the defendant must be given an opportunity to support his allegations with evidence presented at a hearing*. *Roberts v. People*, 158 Colo. 76, 404 P.2d 848 (1965) (Emphasis supplied).

Here, Defendant filed a pro se motion for postconviction relief on August 20, 2008. Vol. One, p. 106-118. In the detailed motion, Mr. Peterson alleged several grounds which required the vacation of his judgment of convictions. Specifically, Mr. Peterson stated that his trial lawyer had rendered ineffective assistance of counsel in giving Defendant a "perfunctory" defense, and further labored under a conflict of interest. *Id.*. P. 112, p.114-118. Additionally, counsel had failed to conduct a sufficient pretrial investigation which would have resulted in a reasonable probability that the outcome of the proceedings would have been different. *Id.*, p. 113-118; *see also Davis People*, 871 P.2d 769 (Colo. 1994) citing *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068.

Initially, it should be noted, that Mr. Peterson's pro se pleading was detailed in its allegations and supporting case law. However, the facts asserted, alone, were sufficient to warrant relief. *People v. Brack, supra*; *Roberts v. People, supra.*

It was alleged that counsel did not spend any time with the Defendant in order to prepare for trial. *Id.*, p. 115. This problem was demonstrated in counsel's failure to communicate and visit with Mr. Peterson to formulate a defense. Mr. Peterson alleged that his counsel visited him three times within a seven month period. *Id.*, p.117. Mr. Peterson's repeated attempts to contact his attorney via telephone calls were unsuccessful. *Id.* Defense counsel did not call any witnesses Mr. Peterson had requested be subpoenaed for trial. *Id.* It was alleged that the Defendant's defense was formulated on the day of trial and counsel failed to call witnesses or obtain surveillance tapes which would have resulted in a different outcome had that evidence been presented to the jury. *Id.* In summary, Mr. Peterson believed his "case is riddled with shoddy investigation. Evidence was ignored." *Id.*, p. 118.

Notwithstanding, Mr. Peterson alleged a conflict of interest existed between him and his court-appointed lawyer. Vol. One, p. 112. Defendant tried to address the court on the first day of trial. However, the trial court brusquely

> dismissed the attempts to address the issue. *See* Compact disc, June 16, 2008, p. 4-17.
>
> Here, "to prevail in a proceeding for postconviction relief based on a claim of ineffective assistance of counsel, the defendant must demonstrate not only that counsel's performance was deficient, but also that it prejudiced the defense." *People v. McDowell*, ___ P.3d ___, No. 07CA1358 (March 5, 2009). Defendant alleges that his trial attorney failed to conduct a sufficient pre-trial investigation, and thus, was ill-prepared for trial. Had counsel been an effective and diligent advocate, witnesses would have been subpoenaed and surveillance tapes obtained to demonstrate that Defendant could not have possibly been the suspect that accosted L.B. *Davis v. People, supra*.
>
> Therefore, the trial court erred in summarily denying the motion for postconviction relief. *White v. District Court, supra*. Mr. Peterson established his allegations by a preponderance of the evidence and thus, the judgment of convictions cannot stand. *People v. Hendricks, supra*.

*See Resp.*, Doc. No. 15-7 at 17-21.

A review of the Rule 35(c) postconviction motion and the opening brief on appeal indicates that appellate counsel identified and raised Applicant's ineffective assistance claims as follows:

1) Perfunctory Defense;

2) Conflict of Interest;

3) Lack of Pretrial Investigation;

4) Failure to Prepare for Trial;

5) Failure to Subpoena Witnesses and Surveillance Tapes;

6) Failure to Visit Applicant or Communicate;

7) Failure to Call Witnesses that Applicant Requested;

8) Defense Formulated on Day of Trial; and

9) Ignored Evidence

The Court, therefore, will address the nine claims as set forth by appellate counsel.

### III. LEGAL STANDARDS

#### A. *Pro Se* Standard of Review

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002).

#### B. 28 U.S.C. § 2254

Section 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court, unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). The "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits." *Cullen v. Pinholster*, ---- U.S. ----, 131 S. Ct. 1388, 1398 (2011). "Finality occurs when direct state appeals have been exhausted and a petition for writ of certiorari from this Court has become time barred or has been disposed of." *Greene v. Fisher*, ---- U. S. ----, 132 S.Ct. 38, 44 (2011) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321, n. 6 (1987).

Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme

> Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.' " *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply. *Carter* [*v. Ward*], 347 F3d. [860,] 864 [10th Cir. 2003] (quoting *Valdez* [*v. Ward*, 219 F.3d [1222] 1229-30 [10th Cir. 2000]).

*House,* 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. In addition,

> evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 786 (Jan. 19, 2011) (internal quotation marks and citation omitted). The Court "must determine what arguments or theories supported or . . . could have supported[ ] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the

holding in a prior decision of [the Supreme] Court." *Id*. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citation omitted). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* (internal quotation marks and citation omitted).

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671. Furthermore,

> [a]s a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. at 786-87.

The Court reviews claims of factual errors pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct, *see Sumner v. Mata*, 455 U.S. 591, 592-93 (1982), and Applicant bears the burden of rebutting the presumption by clear and convincing evidence, *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.' " *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

A claim, however, may be adjudicated on the merits in state court even in the absence of a statement of reasons by the state court for rejecting the claim. *Richter*, 131 S. Ct. at 784. ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning"). Furthermore, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 784-85.

In other words, the Court "owe[s] deference to the state court's result, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [its] independent review of the record and pertinent federal law persuades [it] that [the] result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 1178. "This 'independent review' should be distinguished from a full de novo review of the [applicant's] claims." *Id.* (citation omitted). Likewise, the Court applies the AEDPA (Antiterrorism and Effective Death Penalty Act) deferential standard of review when a state court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the applicant as the federal standard. *See Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005). If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

11

## IV.  ANALYSIS

It was clearly established when Applicant was convicted that a defendant has a right to effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  To establish that counsel was ineffective, Applicant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense.  *See id*. at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id*. at 689.  There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."  *Id*.  It is an applicant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances.  *See id*.

Under the prejudice prong, an applicant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  In assessing prejudice under *Strickland* the question is whether it is reasonably likely the result would have been different.  *Id.* at 791-92.  "The likelihood of a different result must be substantial, not just conceivable."  *Id.* (citing *Strickland*, 466 U.S. at 693.)

Furthermore, under AEDPA, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard," which is the question we would ask if the claim came to us "on direct review of a criminal conviction in a United States district court."  *Richter,* 131 S. Ct. at 785.  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Richter,* 131 S. Ct. at 788.

If Applicant fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed. *See id.* at 697. Also, ineffective assistance of counsel claims are mixed questions of law and fact. *See id*. at 698.

The CCA addressed Applicant's ineffective assistance claims as follows:

> Defendant next contends that the trial court erred in summarily denying his postconviction motion regarding ineffective assistance of counsel without an evidentiary hearing. We disagree.
>
> The Sixth Amendment of the United States Constitution and article II, section 16 of the Colorado Constitution guarantee the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Lanari v. People*, 827 P.2d 495, 500 (Colo. 1992).
>
> A defendant claiming ineffective assistance of counsel must establish both deficient performance and prejudice. *Strickland*, 466 U.S. at 687; *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003). In reviewing any claim for ineffective assistance of counsel, we must indulge a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Stricland*, 466 U.S. at 689; *People v. Drake*, 785 P.2d 1257, 1273 (Colo. 1990). An attorney's strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Strickland*, 466 U.S. at 690-91. Mere disagreement as to trial strategy will not support a claim of ineffectiveness. *Davis v. People*, 871 P.2d 769, 773 (Colo. 1994).
>
> Defendant contends that defense counsel rendered ineffective assistance because she had a conflict of interest. Where a trial court does not inquire into a potential conflict of interest, a defendant, to obtain a reversal, must establish that defense counsel was subject to an actual conflict of interest that adversely affected counsel's performance. *People v. Kelling*, 151 P.3d 650, 657 (Colo. App. 2006). A conflict of interest exists when defense counsel's representation of one client is directly adverse to another client or when counsel's ability to represent a client is materially limited by counsel's responsibility to another client or a third person or by counsel's own interests. *People v. Edebohls*, 944 P.2d 552, 556 (Colo. App. 1996). The defendant has the burden to demonstrate that counsel actively represented conflicting *interests* and must point to specific instances which suggest actual impairment of the defendant's interests. *People v. Kenny*, 30 P.3d 734, 745 (Colo. App. 2000).
>
> We recognize that a defendant seeking postconviction relief pursuant to Crim. P. 35(c) is entitled to a prompt evidentiary hearing unless the motion, the files, and the record clearly establish that the allegations presented in the motion are without merit and do not warrant postconviction relief. *People v. Rodriguez* ,

13

> 914 P.2d 230, 255 (Colo. 1996); *People v. Trujillo*, 190 Colo. 497, 499, 549 P.2d 1312, 1313 (1976); *People v. Hutton*, 183 Colo. 388, 391, 517 P.2d 392, 394 (1973); *see also White v. Denver Dist. Court*, 766 P.2d 632, 634 (Colo. 1988). Where allegations are merely conclusory and fail to allege prejudice or are refuted by the record, there is no error in summarily denying a defendant's motion without holding an evidentiary hearing. *See People v. Osorio*, 170 P.3d 796, 801-02 (Colo. App. 2007).
>
> Here, defendant failed to allege any specific exculpatory evidence his counsel should have discovered that would be sufficient to warrant a hearing and therefore failed to establish any prejudice under *Strickland*. The motion contained only conclusory allegations of unethical conduct and ineffective assistance of counsel . Further, defendant does not point to anything in the record that suggests an impairment or compromise of his interests for the benefit of another party. *Cf. People v. Miera*, 183 P.3d 672, 675 (Colo. App. 2008). It was, therefore, within the trial court's discretion to dismiss the motion without an evidentiary hearing. *See People v. Clouse*, 74 P.3d 336, 341 (Colo. App. 2002); *see also White*, 766 P.2d at 635 (in a Crim. P. 35(c) motion, a defendant must allege facts that, if true, would provide a basis for relief).

*See Resp.*, Doc. No. 15-4 (Appx. D) at 10-13.

The Court finds that even if trial counsel's performance fell below the range of reasonable professional assistance, the perfunctory defense claim, as well as the conflict of interest, failure to prepare and formulate a defense, and ignored evidence claims are conclusory and fail to allege prejudice.

As for Applicant's failure to call witnesses and surveillance tape claims, Applicant fails to state what the witnesses would have attested to and what the surveillance tapes would have shown. Also, Applicant does not assert how he was prejudiced by trial counsel by only meeting with him three times and by trial counsel's failure to return his telephone calls.

Based on the above findings, the CCA's decision is not contrary to, or an unreasonable application of, established Supreme Court precedent. Applicant's allegations lack supporting factual averments and are insufficient to state a claim on which relief can be based. A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has

violated laws in ways that an applicant has not alleged. Applicant, therefore, fails to assert a claim for federal habeas relief, and the Application is denied for lack of merit.

## V. ORDERS

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that the Motion for Rule 56 A, ECF No. 32, is denied as moot.

DATED this 10th day of October, 2012.

BY THE COURT:

*Brooke Jackson*

_____
R. Brooke Jackson
United States District Judge